UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES M. MURPHY,<br><br>            Plaintiff,<br><br>    v.<br><br>RICHARD WILLIAM WEDAN,<br><br>            Defendant. | CASE NO. 3:21-CV-5707-DWC<br><br>ORDER DENYING MOTION TO COMPEL |

Presently before the Court is Plaintiff James M. Murphy's Motion to Compel Third Party Testimony. Dkt. 87. After review of the relevant record, the Motion (Dkt. 87) is denied.

**I.      Background**

Murphy filed the instant action in Clark County Superior Court – a Washington State court – in August 2021. Dkt. 1-1. The action arises from allegations that, in 2014, Colonel Richard Wedan, a now-retired employee of the Oregon Air National Guard ("ORANG"), became aware of allegations that Murphy performed an unauthorized gynecological exam on a fellow ORANG employee in November 2011. Dkt. 1-1 at 5; Dkt. 6 at 2; Dkt. 85. Wedan was Murphy's

ORDER DENYING MOTION TO COMPEL - 1

indirect supervisor at the time. Dkt. 6 at 2. Murphy was ultimately discharged as a result of the sexual assault claims. *Id.*; Dkt. 85.

Murphy sued Wedan in Clark County small claims court in August 2021 for intentional infliction of emotional distress, seeking $10,000 in damages. Dkt. 1-1. In the second amended complaint, Murphy alleges, among other claims, that Wedan intentionally inflicted emotional distress upon Murphy by withholding information and providing false information to his employer and health care regulatory boards and agencies. Dkt. 85. This case was removed to this Court in September 2021. Dkt. 1.

Murphy filed the Motion to Compel on August 10, 2023. Wedan did not file a response to the Motion to Compel. The Court also notes there is no indication the Motion to Compel was served on third-party witness identified as Eric Schadler in the Motion. Dkt. 87.

**II.     Discussion**

In the Motion to Compel, Murphy asks the Court to for an order (1) compelling third-party witness Eric Schadler to testify in this matter; (2) overruling ORANG's discovery objections; and (3) restricting/barring ORANG and the National Guard Bureau ("NGB") or similar military legal counsel from attending Schadler's deposition or other depositions in this matter and from instructing Schadler or other former ORANG members to not testify in the above-captioned action. Dkt. 87.

Federal Rule of Civil Procedure 45(g) states that the court for the district where compliance with a subpoena is required "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." "[W]hen a non-party does not comply with a subpoena and does not appear for deposition, the most appropriate procedural step is to file an application for an order to show cause, not a motion to

compel." *Martinez v. City of Pittsburg*, 2012 WL 699462, at *4 (N.D. Cal. Mar. 1, 2012) (citations omitted); *see also AngioScore, Inc. v. TriReme Med., Inc.*, No. 2014 WL 6706898, at *1 (N.D. Cal. Nov. 25, 2014) ("Under Federal Rule of Civil Procedure 37, a party may move for an order compelling discovery or a disclosure; ordinarily, however, subpoena related motions are filed under Federal Rule of Civil Procedure 45.").

Schadler is not a party to this case and Plaintiff has provided no evidence regarding Schadler's location. Plaintiff has not shown this Court has jurisdiction to enter the requested orders compelling non-parties to act. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969) (courts lack jurisdiction to issue injunction against nonparty); Fed.R.Civ.P. 45(b)(2), 45(c)(3)(A)(ii) (a court cannot serve a subpoena upon a non-party witness outside 100 miles of the district in which the court sits); *Operation: £Heroes, Ltd. v. Procter & Gamble Prods., Inc.*, 903 F. Supp. 2d 1106, 1114 (D. Nev. 2012) (noting the court could not compel a third-party witness to testify in that court under Rule 45). Plaintiff has also not provided any evidence that the Motion to Compel was served on Schadler or ORANG nor has Plaintiff shown that this Court should compel non-parties to act without the opportunity to respond to the Motion.

For these reasons, Murphy's Motion to Compel (Dkt. 87) is denied.

Dated this 8th day of September, 2023.

David W. Christel
Chief United States Magistrate Judge