1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10  JAMES M. MURPHY,

11                    Plaintiff,

12      v.

13  RICHARD WILLIAM WEDAN,

                    Defendant.

14

CASE NO. 3:21-CV-5707-DWC

ORDER GRANTING SUMMARY
JUDGMENT, DENYING
EXTENSION OF TIME, GRANTING
LEAVE TO WITHDRAW

15      Currently before the Court is Defendant Richard William Wedan's Motion for Summary

16  Judgment and Plaintiff James M. Murphy's Motion for Extension of Time to Complete

17  Discovery and Motion to Withdraw as Attorney. Dkts. 114, 116, 117.[1]

18      After consideration of the relevant record, the Court finds Murphy's claims are barred by

19  the statute of limitations. The Court, however, declines to impose fees and costs against Murphy.

20  Therefore, the Motion for Summary Judgment (Dkt. 114) is granted-in-part and denied-in-part.

21  The Motion for Extension of Time to Complete Discovery and the Rule 56(d) request are

22

23  _____

24      [1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties
have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 69.

ORDER GRANTING SUMMARY JUDGMENT,
DENYING EXTENION OF TIME, GRANTING
LEAVE TO WITHDRAW - 1

1  unrelated to the statute of limitations issue; therefore, the requests (Dkts. 116, 122) are denied as

2  moot. Further, as Murphy's claims are dismissed and this matter is now resolved, Murphy's

3  Motion to Withdraw as Attorney (Dkt. 117) is granted.

4  **I.    Background**

5          Murphy filed the instant action in Clark County Superior Court – a Washington State

6  court – in August of 2021. Dkt. 1. In September of 2021, Wedan removed this action to this

7  Court. *Id*.

8          In the Second Amended Complaint ("SAC"), Murphy alleges that, in 2013 or 2014,

9  Wedan, a now-retired employee of the Oregon Air National Guard ("ORANG"), became aware

10 of allegations that Murphy performed an unauthorized gynecological exam on a fellow ORANG

11 employee in November 2011. *See* Dkt. 85; *see also* Dkt. 1-1 at 5, Dkt. 6 at 2. Wedan was

12 Murphy's indirect supervisor at the time. Dkt. 123 at ¶ 4. On May 7-9, 2015, a military

13 separation board hearing ("separation hearing") was held and, thereafter, Murphy was discharged

14 from the military under other than honorable circumstances. *Id.* at ¶ 19.[2]

15         Murphy alleges Wedan directed and/or allowed information to be withheld from

16 Murphy's counsel and the military separation board and provided false information to Murphy's

17 employers and to healthcare regulatory boards and agencies, including the Drug Enforcement

18 Agency ("DEA") and National Provider Identifier ("NPI") Registry. Dkt. 85. Murphy asserts a

19 primary claim for intentional infliction of emotional distress and alternative claims for negligent

20 infliction of emotional distress and for negligence. *Id*. Wedan filed his answer to the SAC, which

21

22

23

24

---

[2] In April 2021, the United States Air Force changed Murphy's discharge characterization to "Honorable." Dkt. 123 at ¶ 29.

ORDER GRANTING SUMMARY JUDGMENT,
DENYING EXTENION OF TIME, GRANTING
LEAVE TO WITHDRAW - 2

1    includes an affirmative defense that Murphy's claims are time-barred by the applicable statute of

2    limitations. Dkt. 113.

3         On April 11, 2024, Wedan filed the pending Motion for Summary Judgment. Dkts. 114,

4    115 (supporting evidence). Murphy filed his Response to the Motion on May 6, 2024. Dkts. 122,

5    123 (supporting evidence). On May 10, 2024, Wedan filed his Reply. Dkts. 127, 128 (supporting

6    evidence). Additionally, on April 25, 2024, Murphy filed the Motion for Extension of Time to

7    Complete Discovery and the Motion to Withdraw as Attorney. Dkts. 116, 117. The Court finds

8    this matter can be resolved without oral argument.

9    **II.    Surreply**

10        Murphy has attempted to file a surreply without the assistance of his counsel. Pursuant to

11   Local Civil Rule 7(g)(2), surreplies are limited to requests to strike material contained in or

12   attached to a reply brief. "Extraneous argument or a surreply filed for any other reason will not

13   be considered." *Id*; *see also Herrnandez v. Stryker Corp.*, 2015 WL 11714363, at *2 (W.D.

14   Wash. Mar. 13, 2015). Furthermore, surreplies must be filed within five days of the filing of the

15   reply and shall not exceed three pages. LCR 7(g).

16        The Court declines to consider Murphy's surreply. The Court has not granted Murphy's

17   Motion to Withdraw as Attorneys and, therefore, he is still represented by counsel and cannot

18   file documents *pro se*. Further, his surreply, which was submitted to the Court fourteen days after

19   the reply was filed, was untimely and exceed the three-page limit. Murphy also attempts to

20   provide additional evidence and extraneous argument to the Court. In sum, Murphy's surreply

21   was submitted to the Court *pro se* despite Murphy being represented by counsel and does not

22   conform to the Local Rules. Therefore, the Court declines to consider the surreply.

23

24

ORDER GRANTING SUMMARY JUDGMENT,
DENYING EXTENION OF TIME, GRANTING
LEAVE TO WITHDRAW - 3

1    **III.    Legal Standard**

2        Summary judgment is proper only if the pleadings, discovery, and disclosure materials on

3    file, and any affidavits, show that there is no genuine dispute as to any material fact and that the

4    movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is

5    entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

6    showing on an essential element of a claim in the case on which the nonmoving party has the

7    burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of

8    fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for

9    the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

10   (1986) (nonmoving party must present specific, significant probative evidence, not simply "some

11   metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a

12   material fact exists if there is sufficient evidence supporting the claimed factual dispute,

13   requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby,*

14   *Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

15   626, 630 (9th Cir. 1987).

16   **IV.    Discussion**

17       Wedan asserts Murphy's claims are barred by the statute of limitations and his claims fail

18   as a matter of law. Dkt. 114.

19       A.   <u>Statute of Limitations</u>

20       Wedan first asserts Murphy's claims are barred by the statute of limitations. Dkt. 114.

21   The statute of limitations for a personal injury action arising in Washington State is three years.

22

23

24

ORDER GRANTING SUMMARY JUDGMENT,
DENYING EXTENION OF TIME, GRANTING
LEAVE TO WITHDRAW - 4

1    Wash. Rev. Code ("RCW") § 4.16.080(2). The parties do not appear to dispute that the three-

2    year limitations period is applicable in this case. *See* Dkts. 114, 122.[3]

3           In the SAC, Murphy alleges that, in December of 2013, he was accused of performing an

4    unauthorized medical examination on a female military member in 2011. Dkt. 85 at ¶ 6. In

5    January of 2015, the allegations were investigated by law enforcement and the district attorney's

6    office found insufficient evidence to support charges against Murphy. *Id*. at ¶ 10. On April 8,

7    2015, a Quality Assurance Investigation Report ("QAI Report") was provided to non-party Col.

8    Eric Schadler of the ORANG. *Id*. at ¶ 12. Murphy contends Wedan instructed Schadler to

9    withhold the QAI Report from Murphy sometime between April and May of 2015. *See* Dkt. 115-

10   1 at 43. Murphy's claims arise from Wedan's alleged conduct in directing and/or allowing the

11   QAI Report to be withheld from Murphy's counsel and the military separation board and

12   Wedan's alleged conducting in providing false information to Murphy's employer and to

13   healthcare regulatory boards. Dkt. 85 at ¶¶ 16-27.

14          Wedan contends Murphy's claims are barred by the statute of limitations because the

15   conduct giving rise to the allegations in the SAC occurred in 2015 and Murphy did not initiate

16   this action until August of 2021. *See* Dkt. 114. Murphy asserts that he was unaware of his claims

17   until he received a copy of the "Moushon Report" in 2020. Dkt. 122. Essentially, Murphy is

18   arguing that, under the "discovery rule," the limitations period was tolled until he received a

19   copy of the "Moushon Report," despite the fact the allegations arose out of conduct occurring in

20   2015.

21

22

23          [3] It is unclear if Washington's or Oregon's statute of limitations applies in this case. As Washington allows
     an additional year to file and the parties cite to the Washington law, the Court will apply Washington's limitations
24   period.

     ORDER GRANTING SUMMARY JUDGMENT,
     DENYING EXTENION OF TIME, GRANTING
     LEAVE TO WITHDRAW - 5

1    The "discovery rule" operates to toll the date of accrual until the plaintiff knows or,

2    through the exercise of due diligence, should have known all the facts necessary to establish a

3    legal claim. *Crisman v. Crisman*, 85 Wn.App. 15, 20 (1997). "Due diligence, with respect to the

4    discovery rule, is a question of fact unless reasonable minds could reach but one conclusion."

5    *Azpitarte v. Sauve*, 188 Wash. App. 1016 (2015). The plaintiff bears the burden of proving that

6    the necessary facts could not be discovered in time. *G.W. Constr. Corp. v. Prof'l Serv. Indus.,*

7    *Inc.,* 70 Wn.App. 360, 367 (1993).

8    The evidence before the Court indicates Murphy was aware of the QAI Report on or

9    before September 18, 2015. *See* Dkt. 115-1. In an email exchange between Schadler and

10   Murphy, Murphy noted that the QAI Report was issued in April but not provided to Murphy. *Id*.

11   at 30. Murphy appeared to ask if it was intentionally suppressed. *Id*. Schadler's response was that

12   the QAI Report was provided to Murphy after Murphy requested it and Schadler received

13   approval to release it. *Id*. This email exchange shows that, before September of 2015, Murphy

14   had a copy of the QAI Report and believed it had been intentionally suppressed from him before

15   his separation hearing.

16   Further, Murphy testified that sometime around his medical board hearing,[4] which was in

17   July 2016, he was contacted by DEA and notified that they had received a report from a former

18   colonel in the National Guard. Dkt. 115-1 at 67-68, 77; Dkt. 123, Murphy Dec., ¶ 20. Murphy

19   testified he did not know any other former colonel who would be incentivized to have Murphy

20   removed from his position. Dkt. 115-1 at 68. The evidence also shows Wedan testified at

21

22

23   _____
     [4] Murphy also had a hearing before the Oregon State Medical Board in July 2016. *See* Dkt. 123, Murphy
     Dec., ¶ 20. Wedan testified at this hearing and the medical board revoked Murphy's medical license. *See* Dkt. 115-1
     at 77.

24   ORDER GRANTING SUMMARY JUDGMENT,
     DENYING EXTENION OF TIME, GRANTING
     LEAVE TO WITHDRAW - 6

1   Murphy's separation hearing and Murphy's medical board hearing. *See id*. at 68, 77; Dkt. 123,

2   Murphy Dec.

3          Murphy asserts that, in 2021, he received a copy of the "Moushon Report."[5] Dkt. 123,

4   Murphy Dec., ¶¶ 23-24. Murphy contends emails contained in the Moushon Report show Wedan

5   was trying to remove Murphy from the military. *Id*. at ¶¶ 24-27. Murphy's position is that emails

6   and reports within the Moushon Report led to a reasonable inference that Wedan influenced or

7   directed Schadler to suppress the QAI Report. *Id*. at ¶ 27.

8          Murphy's assertion is that he was not aware of Wedan's conduct until he was able to

9   review the Moushon Report in 2021. This allegation is not supported by the record. Rather, the

10  record supports a finding that Murphy knew or should have known about the allegations in the

11  SAC no later than 2015 or 2016, five or six years before filing this lawsuit. Murphy was aware

12  that Wedan testified negatively about Murphy at the separation hearing. Then, in September of

13  2015, Murphy was aware the QAI Report existed and was aware that it was not presented to

14  Murphy's counsel before his separation hearing. By 2016, Murphy knew Wedan testified at his

15  medical board hearing. Further, in 2016, Murphy was receiving phone calls from outside

16  agencies (such as DEA) and was told the agencies had received a report from a former colonel

17  with the National Guard. The record indicates Murphy believed Wedan was the only colonel

18  incentivized to remove Murphy from his position and notify the outside agencies.

19         The emails and documents provided to this Court that were allegedly contained in the

20  Moushon Report do not show Wedan directed the QAI Report to be withheld or suppressed. At

21

22         [5] It appears the "Moushon Report" is a bankers box of material provided by General Moushon to an Oregon
    state court judge in relation to a lawsuit between Murphy and the patient on which Murphy allegedly performed an
23  unauthorized gynecological exam. *See* Dkt. 123-9. Murphy did not provide the Moushon Report or provide
    sufficient information to explain the connection between the Moushon Report and the statute of limitations
24  argument. *See* Dkt. 122.

ORDER GRANTING SUMMARY JUDGMENT,
DENYING EXTENION OF TIME, GRANTING
LEAVE TO WITHDRAW - 7

1    most, the Moushon Report shows Wedan sent an email about his desire to remove Murphy from

2    the military. This does not indicate Wedan directed the QAI Report to be withheld or contacted

3    Wedan's employer and government agencies. The portions of the Moushon Report submitted to

4    the Court and Murphy's inferences about the Moushon Report are not sufficient to prove the

5    necessary facts related to Murphy's claims were not and could not have been discovered until

6    2021.

7            In conclusion, Murphy filed this lawsuit more than three years after Wedan's alleged

8    conduct giving rise to the allegations in the SAC. Murphy has not pled facts to show any tolling

9    provisions or exceptions to the statute of limitations make the filing of this case timely.

10   Therefore, the Court finds Murphy's claims are time-barred and the Motion for Summary

11   Judgment should be granted.

12           B.  Claims Fail as a Matter of Law and Requests to Strike

13           As the Court finds the SAC is barred by the statute of limitations, the Court declines to

14   consider the remaining arguments raised in the Motion for Summary Judgment. Further, the

15   parties have requested to strike evidence from the record; however the requests to strike are

16   unrelated to the statute of limitations arguments. Therefore, the Court finds any requests to strike

17   are denied as moot.

18           C.  Request for Sanctions

19           Wedan requests the Court award fees and costs under RCW § 4.84.185 because this

20   lawsuit is frivolous. Dkt. 114. RCW § 4.84.185 "permits the court to award reasonable attorney

21   fees in *any* civil action, upon written findings that the action is frivolous in its entirety and was

22   advanced without reasonable cause." *Reid v. Dalton,* 124 Wash. App. 113, 125, 100 P.3d 349

23

24

ORDER GRANTING SUMMARY JUDGMENT,
DENYING EXTENION OF TIME, GRANTING
LEAVE TO WITHDRAW - 8

(2004) (citing *Biggs v. Vail,* 119 Wash.2d 129, 133–34, 830 P.2d 350 (1992)) (emphasis in original).

Throughout this case, Wedan has filed four motions to dismiss. Dkts. 6, 33, 47, 53. The orders entered on these motions resulted in dismissal of some of the claims brought by Murphy, but also allowed some claims to proceed. *See* Dkts. 32, 54, 52, 61. As a result, Wedan has not shown the totality of Murphy's claims to have been frivolous or advanced without reasonable merit. Accordingly, Wedan's request for fees and costs is denied.

### V.    Request for Extension of Time

Murphy moves for an order: (1) extending the case scheduling order to change the trial date and other dates 60 days; (2) expanding the scope of discovery; and (3) continuing the summary judgment noting date 60 days. Dkts. 116, 122. Murphy's requests for extensions are unrelated the statute of limitations issue and Murphy has not alleged he needs additional time to conduct discovery related to the statute of limitations argument. As the Court finds the claims alleged in the SAC are time-barred, the requests for an extension are denied as moot.

### VI.    Withdrawal of Attorney

Based on the Court's finding that this matter is barred by the statute of limitations, the Court concludes this matter is now resolved. As a result and based on Murphy's consent to the withdrawal, the Court finds it appropriate to allow counsel for Murphy to withdraw at this time. Accordingly, the Motion to Withdraw as Attorney (Dkt. 117) is granted.

### VII.    Conclusion

For the above stated reasons, the Court finds Wedan's Motion for Summary Judgment (Dkt. 114) should be granted-in-part and denied-in-part. Wedan's request that this case be dismissed is granted because the claims alleged in the SAC are barred by the statute of

1   limitations. However, Wedan's request for fees and costs is denied. Murphy's requests for an

2   extension of time (Dkts. 116, 122) are denied as moot. Murphy's Motion to Withdraw as

3   Attorney (Dkt. 117) is granted. Philip A. Haas of Haas Law, P.S. and Cory C. Kirchert of SECIL

4   Law PLLC are hereby withdrawn as counsel for Murphy. Mr. Haas is directed to provide

5   Murphy with a copy of this Order.

6       Dated this 27th day of June, 2024.

7

8                                       David W. Christel

9                                       United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING SUMMARY JUDGMENT,
DENYING EXTENION OF TIME, GRANTING
LEAVE TO WITHDRAW - 10